Image ID: D00756825D01

**SUMMONS**

Doc. No. 756825

**EXHIBIT A**

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                NE 68183

Betty Livermore v. Walmart Inc

Case ID: CI 21    9436

TO:  Walmart Inc

You have been sued by the following plaintiff(s):

    Betty Livermore                    Ron Livermore

Plaintiff's Attorney:    Michael J Mullen
Address:                 9850 Nicholas St.
                         Suite #305
                         Omaha, NE 68114
Telephone:               (402) 558-5000

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date: SEPTEMBER 28, 2021    BY THE COURT:  *John M. Friend*
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

    Walmart Inc
    C/O CT Corporation System
    5601 South 59th Street Suite C
    Lincoln, NE 68516

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| BETTY LIVERMORE and RON LIVERMORE, husband and wife, | ) ) ) | CASE NO. CI 21- 9436 |
| Plaintiffs, | ) ) | **COMPLAINT** |
| v. | ) ) | |
| WALMART, INC., a foreign corporation, | ) ) | |
| Defendant. | ) ) ) | |

FILED
#6 IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA
SEP 2 8 2021
JOHN M. FRIEND
CLERK DISTRICT COURT

Plaintiffs Betty Livermore and Ron Livermore state for their Complaint:

1. As more fully described herein, venue is proper pursuant to Neb. Rev. Stat. § 25-403.01, and this Court has jurisdiction over Defendant pursuant to Neb. Rev. Stat. § 25-536.

2. Defendant Walmart, Inc. is a foreign corporation that operates and controls a retail store located at 16960 West Maple Road in Omaha, Douglas County, Nebraska (the "West Maple Walmart").

3. On June 30, 2021, Betty Livermore went to the West Maple Walmart. While in the garden center at the West Maple Walmart, Betty Livermore slipped and fell due to water and a possible mix of chemicals that had been allowed to accumulate on the ground (the "Incident").

4. At the time of the Incident, Betty Livermore was able-bodied, 73 years of age, and, according to the Social Security Administration Life Table, had a life expectancy of 14.16 years.

5. Betty Livermore sustained injuries, including a fractured right elbow, as a result of the Incident.

6. Betty Livermore underwent radial head replacement surgery on her right elbow as a result of the Incident.

1


002236655D01

7. Betty Livermore sustained permanent injuries, including, but not limited to, diminished range of motion, pain, and scarring, as a result of the Incident.

8. To date, Betty Livermore has incurred medical expenses from Omaha Fire & Rescue, Lakeside Hospital, Omaha Orthopedic & Sports Medicine, and Horizon Rehabilitation as a result of the Incident, and it is reasonably expected that Betty Livermore will incur additional medical expenses in the future.

9. Betty Livermore sustained general damages in the form of physical pain and mental suffering, permanent disability, permanent scarring, inconvenience, and loss of enjoyment of life as a result of the Incident.

### Betty Livermore's First Theory of Recovery
(General Negligence)

10. Betty Livermore incorporates by reference the foregoing paragraphs 1 through 9 as if fully set forth herein.

11. Defendant owed lawful entrants, including Betty Livermore, a duty to use reasonable care to keep the area where the Incident occurred safe and free from any dangerous conditions.

12. Defendant breached its duty and was negligent.

13. Defendant was negligent in allowing water, possibly combined with chemicals, to accumulate and pool in the area where the Incident occurred.

14. Defendant was negligent in failing to take the necessary steps to eliminate the liquid that had accumulated in the area where the Incident occurred.

15. Defendant was negligent in failing to warn lawful entrants, including Betty Livermore, that slick liquid had accumulated in the area where the Incident occurred.

16. Defendant was negligent in failing to have an alternative path available for lawful entrants, including Betty Livermore.

17. As a proximate result of Defendant's negligence, Betty Livermore was injured and damaged as more fully set forth herein.

### Betty Livermore's Second Theory of Recovery
(Premises Liability)

18. Betty Livermore incorporates by reference the foregoing paragraphs 1 through 17 as if fully set forth herein.

19. Betty Livermore was a lawful entrant at the West Maple Walmart at the time of the Incident.

20. Defendant knew of, or through the exercise of reasonable care would have discovered, the liquid that was a proximate cause of the Incident.

21. Defendant knew or should have known that the liquid created a dangerous condition and an unreasonable risk of harm.

22. Defendant should have expected that lawful entrants such as Betty Livermore would not discover the dangerous condition or would fail to protect themselves against the danger.

23. Defendant, in the exercise of reasonable care, should have taken measures to inspect the area where the Incident occurred and warn lawful entrants such as Betty Livermore of the dangerous condition.

24. Defendant, in the exercise of reasonable care, should have taken action to remove or abate the dangerous condition.

25. As a proximate result of the dangerous condition, Betty Livermore was injured and damaged as more fully set forth herein.

## Ron Livermore's Theory of Recovery
### (Loss of Consortium)

26. Ron Livermore incorporates by reference the foregoing paragraphs 1 through 25 as if fully set forth herein.

27. At the time of the Incident, Ron Livermore and Betty Livermore had been married for over 53 years, and they continue to be married.

28. At the time of the Incident, Ron Livermore was 73 years of age, and, according to the Social Security Administration Life Table, had a life expectancy of 12.09 years.

29. As a proximate result of the Incident, Ron Livermore has experienced, and continues to experience, damages for the loss of consortium, affection, aid, society, companionship, and support.

WHEREFORE, Plaintiffs Betty Livermore and Ron Livermore pray for judgment against Defendant Walmart, Inc. in an amount that will fairly and adequately compensate them for the medical expenses incurred to date and that are reasonably expected to be incurred in the future, physical pain and mental suffering incurred to date and that is reasonably expected to be incurred in the future, permanent disability, permanent scarring, inconvenience, the loss of enjoyment of life, loss of consortium, affection, aid, society, and companionship, the costs of this action, interest as allowed by law, and any other relief the Court finds just and proper.

BETTY LIVERMORE and RON LIVERMORE, husband and wife, Plaintiffs

By: _____
Michael J. Mullen #22941
9850 Nicholas Street, #305
Omaha, NE 68114
T: (402) 558-5000
F: (402) 558-1100
E: mike@mjmlawyer.com